The undersigned have reviewed the Award based upon the record of the proceedings before the deputy commissioner.
Both appealing parties have shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
**********
Accordingly, the undersigned find as fact and conclude as matters of law the following, which were entered into by the parties at the initial hearing and following, and in a Pre-Trial Agreement admitted into evidence as Stipulated Exhibit #1, as
STIPULATIONS
1. All the parties are properly before the North Carolina Industrial Commission and are subject to the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer on August 3, 1992.
3. Aetna Insurance Company is the carrier on the risk in this matter.
4. Plaintiff's average weekly wage was $502.00 per week, yielding a compensation rate of $334.68 per week.
5. All parties have been correctly designated, and there is no misjoinder or nonjoinder of parties.
6. Plaintiff contracted a compensable occupational disease, brucellosis, arising out of and in the course of her employment with defendant-employer on August 3, 1992. The parties entered into a Form 21 Agreement regarding this compensable occupational disease, and this agreement was approved by the Commission October 6, 1992.
7. Plaintiff received temporary total disability due to her compensable occupational disease from August 3, 1992 through September 20, 1992 and from April 4, 1994 through April 18, 1994.
8. Plaintiff last worked for defendant-employer on September 15, 1994.
9. Plaintiff's medical records from Clinton Medical Clinic; Dr. John Rice at Duke University Medical Center; Drs. Eron and Adimora at UNC Hospital; U.S. Department of Health and Human Services Public Health Services Centers for Disease Control, and records of the Infectional Disease Research and Teaching Institute of Houston are admitted into evidence as Stipulated Exhibit #2.
10. Stipulated Exhibit #3, consisting of
 1) An Industrial Commission Form 26 Agreement between the parties approved by the Commission August 30, 1994;
2) Industrial Commission Form 28B dated June 28, 1994;
 3) Industrial Commission Form 22 dated September 17, 1996;
 4) Industrial Commission Form 19 dated August 18, 1992, with attached defendant-employer medical attention certificate, accident-injury report form, and time-off report; and
 5) Industrial Commission Form 28 Return to Work Report September 21, 1992;
are admitted into evidence.
11. Excerpts from plaintiff's personnel file with defendant-employer are admitted as Stipulated Exhibit #4.
12. Plaintiff's employee health records with defendant-employer are admitted as Stipulated Exhibit #5.
13. The issues to be determined by hearing are whether plaintiff's current problems are causally related to her compensable occupational disease, brucellosis, and if so, what, if any, benefits is she entitled to receive; and whether plaintiff is entitled to attorneys' fees pursuant to N.C. Gen. Stat. § 97-88.1.
**********
RULINGS ON EVIDENTIARY MATTERS
The objections contained within the depositions of Dr. John B. Smith and Dr. Adaora Alise Adimora are ruled upon in accordance with the applicable provisions of the law and the Opinion and Award in this case.
**********
Based upon all of the competent, credible, and convincing evidence adduced in this case and reasonable inferences drawn therefrom, the undersigned make the following additional
FINDINGS OF FACT
1. On August 3, 1992 plaintiff was a 43 year old female employed on the kill floor at the defendant-employer's hog slaughter house.
2. As a result of her employment with defendant-employer, plaintiff contracted a compensable occupational disease, brucellosis, in August, 1992. The parties entered into a Form 21 Agreement with respect to this compensable occupational disease, and the agreement was approved by the Commission October 6, 1992.
3. Brucellosis is an infectious disease contracted by humans as a result of direct contact with the bodily fluids of infected hogs. This disease causes flu-like symptoms of fever, headaches, chills, weakness and joint aches. Brucellosis is normally detected through blood and treated with a course of antibiotics.
4. As a result of plaintiff's contraction of brucellosis in August, 1992, plaintiff experienced fever, chills, weakness, headaches and aching in the joints. Plaintiff's blood tested positive for brucellosis, and she was treated with antibiotics by Dr. John Smith.
5. Plaintiff was unable to earn any wages as a result of her compensable brucellosis from August 3, 1992 through September 20, 1992. Defendants paid plaintiff temporary total disability for this period.
6. In late September, 1992, plaintiff's symptoms of fever, sweats and chills subsided, and she was able to return to work for defendant-employer on September 20, 1992, where she earned the same wages as prior to August 3, 1992. Plaintiff's blood tests were negative for any active brucellosis infection.
7. However, plaintiff continued to experience muscle aches, joint pains, severe weakness, fatigue, headaches and a generalized malaise. Dr. Smith continued to treat plaintiff and looked for other causes for plaintiff's symptoms.
8. Dr. Smith consulted Dr. Young, a brucellosis specialist in Houston; sent the plaintiff for a rheumatology evaluation at Duke Medical Center by Dr. Rice; sent plaintiff for an evaluation by infectious disease specialist, Dr. Adimora at University of North Carolina Hospitals in Chapel Hill; and considered plaintiff's other physical problems of mitral valve prolapse and lumbar disc problems.
9. Plaintiff's treating physicians are of the opinion that her persistent problems of fatigue, weakness, joint and muscle aches from August, 1992, to the present are a direct result of plaintiff's contraction of brucellosis in August, 1992. While their diagnosis was different from that of Dr. Rice, plaintiff's treating physicians' opinions are given greater weight than Dr. Rice and are accepted by the undersigned as more credible and convincing.
10. Plaintiff's medical providers also opined that her physical problems of mitral valve prolapse and lumbar disc problems did and do not cause her weakness, joint aches and/or her general fatigue from August, 1992, to the present.
11. As a result of plaintiff's contraction of compensable brucellosis, and the symptoms related thereto, plaintiff was unable to work April 4, 1994 through April 18, 1994. The defendants paid plaintiff temporary total disability for this period.
12. Plaintiff's condition has deteriorated since September, 1992. She became unable to fully perform her job functions at defendant-employer in September, 1994, due to fatigue, weakness and joint pain brought on by the continuing deterioration of her admittedly compensable brucellosis. Plaintiff's last work day with defendant-employer was September 15, 1994.
13. Plaintiff had not experienced any symptoms of weakness, chronic fatigue or joint aches prior to her contraction of brucellosis. She has experienced these symptoms continuously since her contraction of brucellosis, even though her blood tested negative for active brucellosis after September, 1992.
14. A small percentage of persons who contract brucellosis develop "chronic brucellosis" in that their blood does not contain active brucellosis infection, but they continue to experience the flu-like symptoms such as chronic fatigue, weakness, joint and muscle aches as a result of the original brucellosis infection.
15. As a result of plaintiff's contraction of compensable brucellosis in August, 1992, and her continued symptoms due to this occupational disease, she has been rendered unable to work since September 15, 1994 in any capacity.
16. It was reasonable to conduct a hearing in this matter.
**********
The foregoing findings of fact and conclusions of law engender the following additional
CONCLUSIONS OF LAW
1. Plaintiff suffered an admittedly compensable occupational disease, brucellosis, in August, 1992. She continues to experience symptoms and problems which are natural consequences of her compensable disease.
2. As a result of her contraction of a compensable occupational disease, brucellosis, plaintiff is entitled to temporary total disability from September 15, 1994 and continuing for so long as she remains unable to work or until further order of the Commission at her compensation rate of $334.68 per week. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to have defendants provide all medical treatment arising from her compensable disease to the extent it tends to effect a cure, give relief, or lessen plaintiff's period of disability. Hyler v. GTE ProductsCompany, 333 N.C. 258, 425 S.E.2d 698 (1993); N.C. Gen. Stat. § 97-25.
4. Plaintiff is not entitled to attorneys fees, as it was reasonable to conduct a hearing in this matter. G.S. §97-88.1.
**********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
AWARD
1. Subject to a reasonable attorney's fee herein approved, the defendant shall pay temporary total disability compensation to the plaintiff beginning September 15, 1994 and continuing thereafter for so long as plaintiff remains unable to work or until further order of the Commission, at the rate of $334.68 per week. As much of said compensation as has accrued shall be paid in a lump sum, subject to the attorney's fee awarded below.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of this occupational disease for so long as such treatments tend to effect a cure, give relief or tend to lessen plaintiff's period of disability.
3. A reasonable attorney's fee in the amount of twenty-five percent (25%) of the lump sum due plaintiff awarded in Paragraph 1 is due plaintiff's counsel. This amount shall be deducted from the lump sum due plaintiff and paid directly to plaintiff's counsel. Henceforth, every fourth compensation check shall be paid directly to plaintiff's counsel.
4. Defendants shall pay the costs.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the __________ day of ___________________, 1998.
 S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
JHB/kws